**NATIONAL LABOR RELATIONS
BOARD, Petitioner/Cross–
Respondent,**

v.

**CARRY COMPANIES OF ILLINOIS,
INC., Respondent/Cross–
Petitioner.**

Nos. 97–1833, 97–2032.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 5, 1997.

Decided March 9, 1998.

Aileen A. Armstrong, David Habenstreit, Rachel Gartner (argued), National Labor Relations Board, Appellate Court, Enforcement Litigation, Washington, DC, for Petitioner/Cross–Respondent.

Anthony B. Byergo (argued), Fredric H. Fischer, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, IL, for Respondent/Cross–Petitioner.

Before POSNER, Chief Judge, BAUER and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

Carry Companies of Illinois ("Carry") refused to bargain with the duly elected union

at Carry's plant in Bridgeview, Illinois. The National Labor Relations Board ("NLRB" or "the Board") issued an order requiring Carry to bargain in good faith. Carry petitions for review, asserting that the Board's order was an abuse of discretion because the certification of the union was improper. We enforce the Board's order.

## I.

In August 1995, Automobile Mechanics Local 701 filed a representation petition calling for a union election at Carry's Bridgeview facility. The NLRB Regional Director held a hearing on the representation petition to determine the scope of the appropriate bargaining unit. At the conclusion of this hearing, on September 15, the Regional Director issued an order that an election be held the following month.

The union won the election, and Carry filed timely objections to the NLRB contesting the election results. Carry complained that the union had misrepresented its initiation fees by suggesting that Carry employees who joined the union prior to the representation election would pay lower fees than employees who joined after the election. By inducing employees to sign up early, the union had painted a false portrait of employee support during the election campaign, in violation of *NLRB v. Savair Mfg. Co.*, 414 U.S. 270, 94 S.Ct. 495, 38 L.Ed.2d 495 (1973). The Hearing Officer agreed that the union had violated *Savair*, declared the first election void, and ordered a second election. Carry filed no objections to the Hearing Officer's decision. The NLRB adopted the Hearing Officer's recommendations on February 21, 1996.

Eight days later, Carry sent a letter to the Regional Director asking her to dismiss the union's representation petition. Carry argued, for the first time, that the union's unlawful promise of reduced initiation fees for early joiners in the days leading up to the election supported an inference that the union's solicitation of authorization cards in support of its representation petition was also tainted. The Regional Director refused to dismiss the representation petition because the Hearing Officer and Board had made no findings that the union had acted improperly in soliciting authorization cards. Carry then sent another letter asking the Regional Director to reconsider and requesting that the Director at least investigate the representation petition. The Regional Director declined to investigate.

A second representation election was held on October 13, and the union won again. Carry then refused to bargain with the union, causing the union to file unfair labor practice charges with the NLRB. In the proceedings before the Board, Carry raised the same objections to the representation petition that it had raised in its letters to the Regional Director. The NLRB entered summary judgment against Carry, finding that the company should have raised its objections in the prior proceeding on the *Savair* violation. The Board also found that Carry "does not offer to adduce at a hearing any newly discovered and previously unavailable evidence, nor does it allege any special circumstances that would require the Board to reexamine the decision made in the representation proceeding." The Board ordered Carry to bargain with the union.

## II.

■ Carry makes three arguments in its petition for review of the Board's order. First, it contends that the Board abused its discretion by ordering a second election without taking additional steps to insure that the effects of the union's *Savair* violation did not carry over to that election. The union had benefitted from its misrepresentation of initiation fees by garnering higher levels of employee support than it otherwise would have had. Merely ordering a second election does not take away this ill-gotten employee support, Carry argues, for it fails to communicate to the employees that the union acted inappropriately. Second, Carry argues that the Board violated its duty of neutrality by failing to consider other remedies. The Board commonly issues *Gissel* bargaining orders when employers violate the law; its refusal to consider remedies beyond a repeat election in this case (involving union misconduct) demonstrates that the Board favors the union. Third, Carry claims that the Board

neglected its independent duty to investigate the showing of interest supporting the representation petition. In the company's view, the Board violated this duty by not investigating the pre-petition solicitation of authorization cards at the Bridgeview facility, especially in light of the Board's finding that the union violated *Savair*.

■ The problem with each of these contentions is that Carry failed to raise them in a timely fashion. Carry's first two claims challenge the propriety of ordering a second election to remedy the union's *Savair* violation. Carry should have raised these claims in the Board proceedings that led to the selection of that remedy. When an employer has a complaint or objection regarding the certification of a union, the employer must raise that objection in the underlying certification proceeding or else the issue is waived. *See Van Leer Containers, Inc. v. NLRB*, 841 F.2d 779, 783 (7th Cir.1988); *NLRB v. Browning–Ferris Indus.*, 803 F.2d 345, 350 (7th Cir.1986). In this case, the certification proceeding ended when the Board adopted the Hearing Officer's recommendation and ordered that, in light of the union's *Savair* violation, a second election be held. Carry failed to raise any objection—either to the Hearing Officer or to the Board itself—regarding the adequacy of a second election as a remedy. Its attempts to raise these issues in subsequent letters to the Regional Director were too late. Carry has waived these claims.*

■ Carry's remaining argument is also untimely. Carry asserts that the union committed fraud in its pre-petition solicitation of authorization cards. The Board has specified a procedure for raising such allegations:

> If evidence of fraud is sought to be introduced at the [pre-election representation] hearing, the line of questioning should not be permitted. The party desiring to present such evidence should be advised on the record to bring it administratively to the attention of the Regional Director within 5 working days from that date; the hearing should not be interrupted.

NLRB Case Handling Manual Part II § 11028.4 (GPO 1989). In this case, the pre-election representation hearing ended on September 15 when the Regional Director ordered that the first election be held. According to this policy, Carry had five days from that point to raise its allegations of fraud to the Regional Director. Carry did not do so, however, until the following February. Thus, this claim is waived as well.

■ Carry might still raise its objections to the union's pre-petition solicitation of authorization cards if there were some independent evidence of fraud. The Board has indicated its willingness to investigate allegations of unlawful pre-petition conduct, even though the allegations are made after an election has already been held, when warranted by newly-discovered evidence or other special circumstances. *See Perdue Farms, Inc. v. NLRB*, 108 F.3d 519, 521 (4th Cir.1997) (declining to review the adequacy of the Regional Director's investigation of post-election allegations of prepetition fraud because the issue was still pending before the Board); *Ron Tirapelli Ford, Inc. v. NLRB*, 987 F.2d 433, 443 (7th Cir.1993) (upholding the Board's decision to nullify the decertification election when the union presented newly-discovered evidence of fraudulent signatures on the decertification petition). In addition, the Regional Director will investigate allegations of pre-petition fraud, even though the allegations are untimely, when special circumstances exist. *See* NLRB Case Handling Manual (Part II) § 11028.4 (GPO 1989) ("If the issue is not raised at the [pre-election representation] hearing or within 5 working days after its close, no investigation will be made, unless special circumstances exist.").

The Regional Director and the Board declined to investigate Carry's (untimely) allegations of prepetition fraud because no such special circumstances were presented. Carry's allegations of pre-petition fraud were supported by no independent evidence, newly-discovered or otherwise. The allegations rested solely on the argument that the un-

---

* The Board raises several additional arguments responding to Carry's claims regarding its duty of neutrality and the propriety of the second election. Because Carry's claims are waived, we do not address the Board's other arguments in defense of its decision and order.

ion's post-petition misconduct (*i.e.*, its *Savair* violation) supports an inference that the union acted unlawfully in its pre-petition conduct (*i.e.*, its solicitation of authorization cards). The Regional Director and the Board decided that this unsupported, backwards-looking inference did not warrant investigation. We do not believe that this decision was an abuse of discretion; the Board's conclusion that Carry failed to present evidence of special circumstances sufficient to warrant investigation is supported by substantial evidence in the record. *Cf. State Bank of India v. NLRB*, 808 F.2d 526, 537–38 (7th Cir.1986) (approving the NLRB's denial of a hearing on an employer's objections to a representation election because substantial evidence supported the Board's conclusion that the employer failed to establish a prima facie case), *cert. denied*, 483 U.S. 1005, 107 S.Ct. 3229, 97 L.Ed.2d 735 (1987).

In conclusion, we agree with the Board that Carry's arguments are untimely and waived. We therefore enforce the Board's order.